J-A10008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID PAUL CUGNO | : | |
| | : | |
| Appellant | : | No. 2451 EDA 2017 |

Appeal from the Judgment of Sentence March 30, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000598-2015

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JULY 03, 2018**

Appellant, David Paul Cugno, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his bench trial conviction for driving under the influence of a controlled substance or a combination of drugs ("DUI").[1] We affirm.

In its opinion, the trial court correctly set forth the relevant facts and some of the procedural history of this case. We add that Appellant timely filed a notice of appeal on July 31, 2017. The trial court did not order and Appellant did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b).

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ERR IN DENYING APPELLANT A JURY

---

[1] 75 Pa.C.S.A. § 3802(d)(2).

---

* Retired Senior Judge assigned to the Superior Court.

> TRIAL FOR A FIRST OFFENSE DUI BECAUSE A DUI IS COMMENCED BY THE FILING OF A BILL OF INFORMATION AND ARTICLE I SECTION 9 OF THE PENNSYLVANIA CONSTITUTION GUARANTEES A RIGHT TO A PUBLIC TRIAL BY AN IMPARTIAL JURY OF THE VICINAGE, WHEN THE PROSECUTION IS STARTED BY INDICTMENT OR BILL OF INFORMATION?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas C. Branca, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed August 16, 2017, at 4-14) (finding: Pennsylvania law has repeatedly held that defendant has no right to jury trial for DUI offense, where maximum penalty is six months' incarceration; crimes that carry maximum sentence of six months' imprisonment or less are considered "petty offenses" for which no right to jury trial exists; notwithstanding language of Article I Section 9 of the Pennsylvania Constitution, on which Appellant relies, Pennsylvania appellate courts have repeatedly held that defendant is not entitled to jury trial for first offense DUI under United States and Pennsylvania Constitutions; maximum penalty for Appellant's DUI offense is six months' imprisonment; thus, Appellant was not

entitled to jury trial).  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judge McLaughlin joins this memorandum.

Judge Ransom did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/3/18

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :      NO. 598-15
:          2451 EDA 2017
v.                      :
:
DAVID CUGNO               :

**OPINION**

Branca, J.                                          **August 16, 2017**

## I.    INTRODUCTION

David Cugno ("Defendant") appeals to the Superior Court from the judgment of sentence imposed by this Court on March 30, 2017, and the denial of his Post-Sentence Motions on July 3, 2017. For the reasons that follow, Defendant's appeal is without merit.

This case was a Stipulated Bench Trial, at which Defendant agreed to admission into evidence of the Affidavit of Probable Cause, exclusive of the blood test results therein, to be accepted as the true facts of the case.[1] Ostensibly, Defendant agreed to a Stipulated Bench Trial to preserve for appeal only the denial of his claim that he was entitled to a jury trial, which he sought by pretrial motion. In his Post-Sentence Motion, however, Defendant claimed for the first time that the stipulated facts were insufficient to support his conviction.

---

[1] Prior to trial, the Commonwealth informed the Court that because *Birchfield* now barred the introduction of Defendant's blood test results, it would proceed only on Count Four of the Bill of Information, charging Defendant with driving under the influence of a drug or combination of drugs to a degree which impairs safe driving. [N.T. 3/30/17, at 14]. In *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), the United States Supreme Court held that consent to conduct a warrantless blood test on a suspected drunk driver is not voluntary when that defendant is subject to criminal penalties for refusal and is so advised. *See Commonwealth v. Evans*, 153 A.3d 323 (Pa. Super. Ct. 2016) (Adopting *Birchfield*).

1



## II.   STATEMENT OF THE CASE

### A.   Factual History

On October 17, 2014, Sergeant William R. Hopkins ("Hopkins") of the Lower Providence Township Police Department responded to a report of a vehicle accident. Upon arrival, Hopkins discovered a white Toyota Corolla which had been driven off the road onto an adjacent private property.[2] He immediately noticed damage to the property's fence, and a man, later identified as Defendant, moving large rocks from the same property. When Hopkins approached Defendant and asked his name, Defendant, who admitted being the vehicle's driver, responded with his first name only. When queried as to what had transpired, Defendant explained, "I live right there. I drove all the way here from King of Prussia." Hopkins observed that Defendant was not only manic and "jittery" with racing thoughts, but additionally, Defendant was unsteady on his feet and could not focus his eyesight. Defendant subsequently failed two field sobriety tests administered by Hopkins. Based on his training and experience, Hopkins concluded Defendant was under the influence of narcotics to a degree that rendered him incapable of safe driving, and placed him in custody.

Ultimately, the Commonwealth charged Defendant with the following on Bill of Information 598-15: Count One — Driving Under The Influence Of Alcohol, General Impairment;[3] Count Two — Driving Under The Influence Of A Controlled Substance;[4] Count Three — Disregard Of A Traffic Lane;[5] and Count Four — Driving Under The Influence Of A Controlled Substance or Combination of Drugs.[6]

---

[2] [Aff. at 4 of 5, (1/26/15)]. As part of the Stipulated Bench Trial, Defendant accepted, as true, Hopkins' averments as to the events which transpired on the evening that he was apprehended.
[3] 75 Pa. C.S. § 3802(a)(1).
[4] 75 Pa. C.S. § 3802(d)(1).
[5] 75 Pa. C.S § 3309
[6] 75 Pa. C.S. § 3802(d)(2).

2

## B.     Procedural History

On March 27, 2017, Defendant filed an Omnibus Pretrial Motion, asserting therein that since the instant underlying charges were brought by a Bill of Information, they fall within the ambit of Article 1, Section 9 of the Pennsylvania Constitution, expressly entitling Defendant to a jury trial. Immediately before trial, the Court entertained argument on Defendant's Omnibus Motion which was denied by Order dated March 30, 2017. To preserve his Constitutional claim for a jury trial, Defendant opted to proceed via a Stipulated Bench Trial, wherein he admitted all of the facts set forth in the Affidavit of Probable Cause, with the exception of that which referenced his blood test results. On March 30, 2017, the Court found Defendant guilty of Count Four (Driving Under The Influence Of A Controlled Substance (Drug or Combination of Drugs) to a degree which impaired his ability to safely drive, operate or be in actual physical control of his vehicle's movement. The Court immediately sentenced Defendant to undergo imprisonment of not less than seventy-two (72) hours, nor more than six (6) months, pay a $300 fine, and complete the mandatory DUI requirements. Upon counsel's request, the Court stayed Defendant's sentence pending the resolution of his anticipated post-sentence proceedings. On April 5, 2017, Defendant timely filed Post-Sentence Motions, seeking acquittal and a new trial. After argument and briefing, the Court denied Defendant's Post-Sentence Motion by Order dated July 3, 2017.

## III.    ISSUES PRESENTED

Defendant's Post-Sentence Motion set forth the following requests for relief:

1. Motion for Judgment of Acquittal: The evidence was insufficient to prove that the Defendant was under the influence of a controlled substance because the stipulated facts did not indicate what, if any, substance the Defendant was under at the time of arrest.

2. The Court erred in denying Defendant a jury trial for a first offense DUI because a DUI is commenced by the filing of a Bill of Information and Article

3

1 Section 9 guarantees a right to a public trial by an impartial jury of the vicinage, when the prosecution is started by indictment or Bill of Information.

## IV.    DISCUSSION

### A.  The Commonwealth Presented Sufficient Evidence to Support Defendant's Conviction.

On appeal, Defendant first asserts the evidence is insufficient to support his conviction for driving under the influence of a drug or combination of drugs. The standard of review for a sufficiency claim is well settled.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley*, 14 A.3d 887, 889–90 (Pa. Super. Ct. 2011) (internal quotations and citations omitted). In this case, the Court found Defendant guilty under Title 75, Section 3802(d)(2) which provides:

> **(d) Controlled substances.**--An individual may not drive, operate or be in actual physical control of the movement of a vehicle . . . [if] . . . [t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

4

In his Brief in Support of his Post-Sentence Motions, Defendant concedes that the facts to which he voluntarily stipulated establish he was under the influence of some type of substance which rendered him incapable of safe driving at the time of his arrest. Defendant argues, however, that given the Commonwealth's decision to proceed only on Count Four of the Bill of Information, it was obligated to prove that Defendant's impairment was the result of *only* drugs. He counters that, accepting the stipulated facts as true, he could have just as easily been under the influence of alcohol or a combination of alcohol and drugs. Based on his assessment of the underlying facts, to which he voluntarily stipulated, Defendant now contends that the Court erred in finding that the Commonwealth carried its burden of establishing sufficient evidence that Defendant's impairment resulted from being under the influence of a drug or combination of drugs as specifically charged. Effectively, Defendant is asserting the long-established policy that the Commonwealth is bound by specific penal provisions. *See e.g., Commonwealth v. Brown*, 29 A.2d 793 (Pa. Super. Ct. 1945); *Commonwealth v. Leber, d/b/a Artic Contractors, Inc.*, 802 A.2d 648 (Pa. Super. Ct. 2002).

Our Pennsylvania Supreme Court observed that in drafting Section 3802(d)(2), general impairment drugs, "The General Assembly chose to construct a similar statutory framework" to that of Section 3802(a)(1) general impairment alcohol, where "well-established, long-standing law in Pennsylvania" does not require the Commonwealth to proffer evidence of alcohol levels or expert testimony to establish a defendant imbibed sufficient alcohol to render him incapable of safe driving. *See Commonwealth v. Griffith*, 32 A.3d 1231, 1239 (Pa. 2011). Analogously, the Court there held the focus of Section 3802(d)(2) is not upon the type of evidence introduced, but upon whether the totality of the evidence establishes that a defendant's inability to drive safely "was the result of the influence of a drug or combination of drugs." More specifically, it stated:

5

"[A]nalogously to subsection 3802(a)(1) for alcohol intoxication, subsection 3802(d)(2) prohibits driving if one is 'under the influence of a drug or combination of drugs to a degree which impairs [one's] ability to safely drive.' This provision by its plain text does not require that a drug be measured in the defendant's blood, nor does it specify any particular manner by which the Commonwealth is required to prove that the defendant was under the influence of a drug. Like subsection 3802(a)(1), . . . subsection 3802(d)(2) does not limit, constrain, or specify the type of evidence that the Commonwealth can proffer to prove its case.

*Id.* (citation omitted). Neither the statutory language, nor case law, require the Commonwealth prove a type of drug or drugs, nor is the Commonwealth obligated to disprove every possibility of innocence. *See* Standard of Review, *supra*, 4; *see also, Commonwealth v. Smith*, 904 A.2d 30, 38-39 (Pa. Super. Ct. 2006) (Evidence sufficient to prove DUI beyond a reasonable doubt where defendant drove onto a grassy median, drove in the wrong land of traffic, smelled of alcohol, was unsteady on her feet, was combative, failed field sobriety tests, and refused a blood alcohol test.)

Defendant's discourse in his Brief as to colorless, odorless qualities of pure ethanol alcohol, vodka and gin based on The World Book Encyclopedia and Handbook of Alcoholic Beverages, is of no moment as Defendant choose not to proffer any facts at trial to support his present argument, let alone proffer expert testimony. Defendant cannot now be heard to make an argument premised upon facts and opinions that he chose to forgo at the bench trial in which he voluntarily stipulated to the facts of record. Those facts of record include only the officer's unchallenged opinion based on his training and experience that Defendant was under the influence of a drug or a combination of drugs.

Moreover, Defendant's reliance on *Commonwealth v. Plybon*, 421 A.2d 224 (Pa. Super. Ct. 1980) is clearly misplaced. In *Plybon*, the defendant was charged with driving under a combination of alcohol and a controlled substance, but no evidence was put forth to indicate that the defendant was under the influence of a controlled substance at the time of the incident, and

6

therefore, the Court was compelled to deny the Commonwealth's motion to amend the Bill of Information to charge driving under the influence of alcohol, and sustained a demur to the original charge. The key difference between *Plybon* and this case, is the difference between the charges at issue. In *Plybon*, the Commonwealth failed to establish that the defendant was driving under the influence of alcohol *and* drugs, prompting the Court to clarify that "driving under the influence of alcohol is not a lesser-included offense of the crime of driving under the combined influence of alcohol and a controlled substance." *Id.* at 226. Instead, the Court emphasized that the Commonwealth was required to prove the presence of both factors of the crime to sustain its burden.

In the current matter, the Commonwealth only needed to prove that Defendant was under the influence of drugs or a combination of drugs, which would have impaired his ability to drive safely. Defendant's contention that he could *also* have been under the influence of alcohol at the time of the incident, is simply without any evidentiary support in the record.

Here, the totality of the evidence, including by reasonable inference that the officer did not observe any indicia of alcohol consumption by Defendant, was sufficient to prove Defendant's inability to drive safely was the result of the influence of a drug or a combination of drugs. Specifically, Defendant was involved in an accident, failed two sobriety tests, and, based on the officer's training and experience, he exhibited signs of being under the influence of narcotics. These signs included Defendant's manic, jittery state and inability to steady himself on his feet or focus his eyesight. Having voluntarily stipulated to all of these facts, and the adequacy of the officer's training and experience which led him to conclude Defendant was under the influence of narcotics, the evidence of record was sufficient to support the

7

Commonwealth's burden. As such, the Court properly found that the totality of these factors was sufficient prove that Defendant guilty of the crime charged.

## B. The Motion For A New Trial Was Properly Denied

Defendant next claims that the Court erred in denying him a jury trial for this DUI, first offense, general impairment, asserting that since this prosecution is by Bill of Information, Article 1 Section 9 of the Pennsylvania Constitution thereby guarantees Defendant a right to "a speedy public trial by an impartial jury of the vicinage . . ." As this is a purely legal question, the standard of review is de novo, and the scope of review is plenary. *Commonwealth v. McMullen*, 961 A.2d 842, 846 (Pa. 2008). For the following reasons, Defendant's second claim also merits no relief.

Article 1 Section 9 of the Pennsylvania Constitution reads as follows:

> In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

Pa. Const., Art. 1 § 9.

Despite a DUI being a crime for which charges are presented to the Court by Information, Pennsylvania case law has repeatedly held that a defendant does not have a right to a jury trial for a DUI where the maximum penalty is only six (6) months incarceration. In *Commonwealth v. Mayberry*, 327 A.2d 86 (Pa. 1974), the Pennsylvania Supreme Court stated that both the United States Constitution and Article 1 Section 9 of the Pennsylvania Constitution only

guarantee a defendant a right to a jury trial for "serious offenses," or crimes which carry more than a six-month maximum incarceration. *Commonwealth v. Mayberry*, 327 A.2d at 97. Crimes that carry a maximum sentence of six months' imprisonment or less are considered "petty offenses" for which no right to a jury trial exists. *Id.* at 97.

Relying on *Mayberry*, our Superior Court addressed the right to a jury trial for a DUI, where the maximum penalty is six (6) months, in *Commonwealth v. Kerry*, 906 A.2d 1237 (Pa. Super. Ct. 2006), and held as follows:

> The test is clear. The decisions of the Supreme Court of the United States have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months . . . are serious crimes and those carrying a sentence of six months or less are petty crimes. It is well-settled that a legislature's determination that an offense carries a maximum prison term of six months or less indicates its view that an offense is petty.

*Id.* at 1239 (internal bracketing and quotations omitted). The standard set forth in Pennsylvania mirrors the Federal standard. Similarly, in *Commonwealth v. Langley*, 145 A.3d 757 (Pa. Super. Ct. 2016), the Court stated:[7]

> [O]ur Supreme Court's decision in *Mayberry* also considered Article 1, Sections 6 and 9 of the Pennsylvania Constitution in applying the fixed dividing line test articulated by the United States Supreme Court. Despite differences in the language of the United States and Pennsylvania constitutional provisions, both provisions have been interpreted to guarantee the right to a jury trial in a criminal matter only as it existed at common law. Thus, there is no constitutional right to trial by jury for "petty" offenses.

*Id.* at 761.

The Court went on to hold that whether an offense is deemed serious is determined by looking to the Legislature, and the Legislature, by setting the maximum prison term at six (6) months, categorized Section 3802(a)(1) as petty for purposes of a defendant's jury trial rights; notwithstanding that a defendant may be subject to increased incarceration for subsequent DUI

---

[7] Of note, counsel for Defendant in this case was also counsel for the defendant in *Commonwealth v. Langley*.

9

offenses. *See* Langley, 145 A.3d at 761; *see also Commonwealth v. Harriott*, 919 A.2d 234, 237 (Pa. Super. Ct. 2007). (Defendant not entitled to a jury trial for DUI, disorderly conduct, harassment, and flashing signals as these multiple offenses did not individually allow for imprisonment exceeding six (6) months). The charge of which Defendant was convicted, 3802(d)(2), likewise carries a maximum penalty of six (6) months.

Defendant concedes that prior, well-settled case law holds that the right to a jury trial applies only when a criminal defendant faces a sentence of imprisonment greater than six (6) months.[8] Defendant argues, however, that prior decisions rely on *Mayberry* for the proposition that Pennsylvania follows the Federal standard with regard to the right to a jury trial. But, posits Defendant, *Mayberry* was not decided under the Pennsylvania Constitution, because it addressed a summary offense, involving criminal contempt of court, and therefore no indictment or information charging the offense was ever filed.[9] Defendant argues, in contrast to *Mayberry*, the case against him was brought by Bill of Information, and none of the Superior Court cases following *Mayberry* specifically address the clear and unambiguous language of Pa. Const., Art. 1 § 9, which specifically provides that an accused has a right, in "prosecutions by indictment or information, [to] a speedy public trial by an impartial jury of the vicinage . . . ."[10] In addition, Defendant argues that, under Pennsylvania Rule of Criminal Procedure 103, a misdemeanor is a court case and Pennsylvania Rule of Criminal Procedure 620 requires a defendant to waive his or her right to a jury trial on the record before a bench trial may be held.[11] Finally, relying on

---

[8] [Def.'s Br. at 6-7 (5/8/17)].
[9] [Def.'s Br. at 8 (5/8/17)].
[10] [Def.'s Br. at 5 (5/8/17)].
[11] [Def.'s Br. at 9 (5/8/17)].

10

*Commonwealth v. Kocher*, 23 Pa. Super. 65 (1903), Defendant argues that misdemeanors were historically always tried by a jury at common law in Pennsylvania.[12]

While no reported Appellate Court decision has addressed the specific language concerning the meaning of "information," in Article 1, Section 9 of the Pennsylvania Constitution, appellate courts have repeatedly held that a defendant is not entitled to a jury trial for a first offense DUI under the United States and Pennsylvania Constitutions; notwithstanding the specific language of Article 1, Section 9 urged upon the Court by Defendant. Despite Defendant's claim that the language of Article 1, Section 9 grants to those who have charges brought by information, the right to a jury trial, it must be presumed that the Appellate Courts *supra*, which have repeatedly denied defendants the right to a jury trial for first offense, general impairment DUIs under Article 1, Section 9, examined the specific language therein as a whole and did not find the provision at issue as a basis to except a defendant so charged from the bright line drawn between 'petty' and 'serious' offenses. *See e.g. Commonwealth v. Langley*, 145 A.3d 757 (Pa. Super. Ct. 2016) (Affirming Court's denial of right to jury trial where defendant was charged by bill of information.). Instead, our Courts have repeatedly focused not on the means of charging, but instead on our Legislature's authority, clarifying that the "Constitutional guarantee of trial by jury does not prevent the legislature . . . from creating new offenses and prescribing what mode they please of ascertaining the guilt of those who are charged with it." *Commonwealth v. Bechtel*, 120 A.2d 295, (Pa. 1956) (internal quotation omitted).

The primary focus of the Appellate Courts *supra* was whether the underlying offense was 'serious' or 'petty,' not the means or manner by which such charges were brought, or procedurally classified. In this case, the Legislature has set the maximum term of incarceration at six (6) months for violation of Section 3802(d)(2), thereby categorizing the violation of

---

[12] [Def.'s Br. at 10 (5/8/17)].

11

driving under the influence of drugs or a combination of drugs, general impairment, as 'petty' for purposes of determining a defendant's jury trial rights.

Additionally, with regard to Defendant's argument premised upon Pa. R. Crim. P. 103 and 620, that "a misdemeanor is a court case," entitling a defendant to a jury trial unless specifically waived, identical arguments have previously been rejected in this Commonwealth, in unreported decisions.[13] While not binding, this Court finds no reason to differ, particularly in light of the dearth of reported case law directly on point. The nomenclature used by the Legislature in the Vehicle Code, categorizing DUI, general impairment as a misdemeanor, is of no import as the Legislature also expressly declared that punishment therein shall not exceed six (6) months; characterizing such offenses as 'petty' for purposes of determining jury trial rights. Moreover, our Courts have held that because the "Vehicle Code grades a first offense violation of section 3802(a)(1) as an ungraded misdemeanor punishable by up to 6 months of imprisonment," . . . "regardless of the trial court's grading of the offense . . . [a defendant is] . . . never exposed to a maximum term of incarceration exceeding 6 months, and therefore . . . [is] . . . never entitled to a trial by jury." *Commonwealth v. Harriott*, 919 A.2d 234, 237 (Pa. Super. Ct. 2007).

Finally, it is of note that the charge at issue is classified as an <u>ungraded</u> misdemeanor under the Vehicle Code (imprisonment limited to six (6) months,) whereas the lowest graded misdemeanor under the Crimes Code is a third degree misdemeanor carrying a term of imprisonment of one (1) year for which a defendant has a right to a jury trial under the aforesaid rules of criminal procedure. *See* 75 Pa. C.S. § 3803, *et seq. compare*, 18 Pa. C.S. § 1104(3).

---

[13] *See Commonwealth v. Crable*, 2013 WL 11256818, at *2-3 (Pa. Super. Ct. July 15, 2015) ("Appellant contends that a DUI is an ungraded misdemeanor, and Pa. R. Crim. P. 103 provides that a case with a misdemeanor charge 'will proceed as a court case.' . . . He asserts that because his case is a court case, pursuant to Pa. R. Crim. P. 620, [] he 'was entitled to a jury trial unless he waive same.' . . . We find no relief is due. . . . Here, by setting the maximum authorized prison term at six months, the Legislature categorized the violation of § 3802(a)(1) as petty for purposes of a defendant's jury trial rights."

While the right to a jury trial is procedural rather than substantive, this Court is no less mindful of the fundamental and essential nature of this right in preventing the miscarriage of justice. Notwithstanding, however, binding precedent has firmly established that only 'serious' offenses merit the Constitutional right to a jury; despite historical treatment to the contrary wherein misdemeanors might garner a jury trial (at common law). *See Mayberry*, 327 A.2d at 97. This distinction has presumptively evolved as a result of the diminished risk of a miscarriage of justice for crimes subject only to a maximum six (6) month sentence. In *Duncan v. Louisiana*, the U.S. Supreme Court explained the pragmatism supporting this distinction as follows:

> It is doubtless true that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision and should not be subject to the Fourteenth Amendment jury trial requirement here applied to the States. . . . [Historically, ] [s]o-called petty offenses were tried without juries both in England and in the Colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment's jury trial provisions. [Moreover,] [t]here is no substantial evidence that the Framers intended to depart from this established common-law practice, and the possible consequences to defendants from convictions for petty offenses have been thought insufficient to outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications. These same considerations compel the same result under the Fourteenth Amendment.

*Duncan v Louisiana*, 391 U.S. 145, 160 (1968).

While Defendant may not agree with the relevant and applicable precedent, dispatching various theoretical constitutional interpretations, the state of the law in Pennsylvania is clear, and this Court is bound by that precedent. Defendant was convicted under Section 3802(d)(2) [DUI— controlled substance or combination of controlled substances]. The maximum penalty for a violation of this provision is set forth at 75 Pa. C.S. § 3803(b)(2), which states:

> An individual who violates . . . violates section 3802(c) or (d) and who has no prior offenses, commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months, and to pay a fine under section 3804.

13

Based on the above-referenced statute and Pennsylvania case law, Section 3802(d)(2) is categorized as a 'petty' offense by the Legislature, and therefore, no right to a jury trial exists.

## V.    CONCLUSION

Accordingly, the Court respectfully requests that its judgment of sentence imposed on Defendant, David Cugno, on March 30, 2017, be AFFIRMED.

BY THE COURT:

_____
THOMAS C. BRANCA, J.

Copies of the above Opinion
Mailed on: 8/16 /17
**By First Class Mail:**
Francis M. Walsh, Esquire
**By Interoffice Mail:**
Montgomery County District Attorney - Appellate Division
        Robert M. Falin, Esquire, Chief
Deputy Court Administrator-Criminal

_____
Secretary